# EXHIBIT C

 

## United States Department of the Interior

### OFFICE OF THE SOLICITOR
Knoxville Field Office
800 S. Gay Street, Suite 800
Knoxville, Tennessee 37929

**E-mail: john.austin@sol.doi.gov**                    **Telephone: (865) 545-4955**

**May 15, 2019**

Michael W. Carey
Carey, Scott, Douglas & Kessler, PLLC          **sent via email only**
P. O. BOX 913
Charleston, WV 25323

Dear Mr. Carey:

This is in response to your letter dated May 13, 2019, and the emails that you sent as a further explanation of that letter. I acknowledged receipt of your letter by email to Chris Pence on 05-13-19 at 4:26 p.m.

I need to reiterate what you and your clients have been told: Neither OSMRE nor any of its employees nor the attorneys representing the Secretary of the Interior have the authority to settle a debt owed to the United States that exceeds $100,000.00 without the approval of the U.S. Department of Justice (DOJ). *See* 31 U.S.C. § 9711 and 31 C.F.R. § 902.1. Therefore, notwithstanding your clients' assertion about a deal they believe they made with OSMRE, there is not nor has there been an authorized agreement with the United States to settle the monetary debts of your clients for $250,000.00, or for any other amount.

Yesterday afternoon, a letter authorizing DOJ to file suit against the Justice Companies *et al.* on behalf of the Department of the Interior was signed and sent (the end of a process that has taken months to accomplish – the MSHA lawsuit plays no part in DOI's referral to DOJ). If your clients want to settle these cases before suit is filed, please make an offer that we can discuss with DOJ. If you decide to make an offer, we recommend that you provide collateral to guarantee the full performance of any proposed settlement.

In addition, as we explained in our face-to-face meeting in April, in order to settle these claims, we will require financial statements and any other information you can provide that will demonstrate a settlement is in the best interests of the citizens of the United States. We will also need documentation of your belief that a settlement will preserve 450 jobs.

We have suggested on more than one occasion that a showing of good faith will benefit your clients if they intend to pursue settlement.  For instance, they can show good faith by continuing to abate the environmental violations that exist in Tennessee and by making good on the settlement agreement negotiated on their behalf in 2017 by Zachary Wright (copy attached).

We look forward to working out a settlement with you, your clients, and DOJ.  We are standing by to answer any questions you might have.

Sincerely,

**JOHN AUSTIN**, Field Solicitor